BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AMERICAN HOME PRODUCTS  ]
CORP. "RELEASED VALUE" CLAIMS ]
LITIGATION                    ]    DOCKET NO. 333

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A. CAFFREY*, AND ROY W. HARPER, JUDGES OF THE PANEL.

---

PER CURIAM

This litigation consists of three actions pending in three federal districts -- one each in the Northern District of Illinois, the Southern District of New York and the Central District of California. These actions have been brought by the same thirteen corporations[1] against a number of motor carriers and freight forwarders. One hundred forty-six motor carriers or freight forwarders are named as defendants in the Illinois action, 64 others are named in the New York action and 28 others are named in the California action. The plaintiffs in these actions

---

\* Judges Lord and Caffrey took no part in the decision of this matter.

[1] A fourteenth corporation is also a plaintiff in the Illinois action.

allege that they have shipped certain commodities (drugs, medicines, toilet preparations, essential oils and other articles) in interstate commerce with the defendant motor carriers and freight forwarders, and that plaintiffs have suffered partial loss of or damage to those shipments during the course of transportation. Plaintiffs allege that they filed claims with the motor carriers or freight forwarders for those losses, but have not been compensated for the losses in full because of a dispute over the measure of damages. In each action, the plaintiffs seek to represent a class consisting of all members of five trade associations that are also disputing the measure of damages with respect to losses that allegedly have occurred.

Plaintiffs state in their complaints that under applicable provisions of the Interstate Commerce Act, the Interstate Commerce Commission (ICC) for specific types of commodities maintains rate schedules which provide lower rates to shippers in exchange for limitations on the liability of a motor carrier or a freight forwarder for loss of or damage to an individual shipment. These lower rates and limitations on liability are allegedly based on an artificially low value, called the "released value," of the commodities involved in the

shipment. In the event of loss of an entire shipment, plaintiffs continue, the maximum liability of a carrier is an amount equal to the released value for each type of commodity involved in the shipment (50 cents per pound for the commodities involved in these actions) multiplied by the entire weight of all commodities of that kind in the same shipment.

On March 27, 1977, plaintiffs note, the ICC ruled that the liability of a carrier for loss of or damage to a portion of a shipment is the actual amount of the loss or damage, up to a maximum amount equal to the released value for the commodities involved multiplied by the entire weight of all commodities of that kind that were involved in the shipment, whether they were damaged or not. An appeal has been taken by the defendants from that ruling and is presently pending in the United States Court of Appeals for the District of Columbia Circuit -- <u>National Motor Freight Traffic Association, et al. v. United States, et al.</u>, No. 77-1484.[2/]

---

[2/] The position of the defendant motor carriers and freight forwarders is that the maximum liability for partial loss of or damage to a shipment should be equal to the released value of the commodities involved multiplied by the weight of the damaged or lost portion of the shipment only. For example, if 100 pounds of a 2000 pound shipment were lost, and the commodities involved had a released value of 50 cents per pound, the maximum liability under plaintiffs' calculations would be 2000 x $.50 or $1,000. Under defendants' calculations, the maximum liability would be 100 x $.50 or $50.

Plaintiffs allege that despite the ICC's ruling, defendants have failed to settle claims for **partial** losses on the basis of that ruling.

The thirteen common plaintiffs move the Panel for an order pursuant to 28 U.S.C. §1407 transferring the New York and California actions to the Northern District of Illinois for coordinated or consolidated pretrial proceedings with the action pending there. Two hundred six of the 238 defendant motor carriers and freight forwarders oppose transfer. The other parties have not responded.

We conclude that these actions raise few if any common questions of fact and that transfer under Section 1407 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation. Accordingly, we deny the motion to transfer.

Movants assert that, though these actions each involve different defendants, these actions share questions of fact regarding industry practices with respect to released value shipments. Transfer under Section 1407 will prevent duplicative discovery by both plaintiffs and defendants, movants maintain. They also contend that transfer is needed to avoid inconsistent class determinations.

We find these arguments unpersuasive. On the basis of the record before us, the predominant, and perhaps only, common aspect in these actions is the legal question of what measure of damages is applicable. The factual issues presented are primarily, if not entirely, unique questions pertaining to the numerous distinct shipments involved in each action. Thus, since these actions involve a common question of law and share few, if any, questions of fact, transfer under Section 1407 is inappropriate. See In re Environmental Protection Agency Pesticide Listing Confidentiality Litigation, 434 F. Supp. 1235, 1236 (J.P.M.L. 1977); In re Natural Gas Liquids Regulation Litigation, 434 F. Supp. 665, 667-68 (J.P.M.L. 1977). Furthermore, another factor weighing against transfer under Section 1407 is the likelihood that a ruling on this question of law by the Court of Appeals for the District of Columbia Circuit in the appeal presently pending before that court may have a substantial effect on the resolution of these actions. See generally In re "Lite Beer" Trademark Litigation, 437 F. Supp. 754, 755 (J.P.M.L. 1977); In re U. S. Navy Variable Reenlistment Bonus Litigation, 407 F. Supp. 1405, 1407 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A                                              DOCKET NO. 333

### NORTHERN DISTRICT OF ILLINOIS

American Home Products Corp., et al. v.      Civil Action
A&H Trucking Line, Inc., et al.              No. 77C3965

### SOUTHERN DISTRICT OF NEW YORK

American Home Products Corp., et al. v.      Civil Action
AAA Trucking Corp., et al.                   No. 77 Civ. 5767

### CENTRAL DISTRICT OF CALIFORNIA

American Home Products Corp., et al. v.      Civil Action
Ameri-Con Cartage, et al.                    No. CV77-4360-WPG